KING, Circuit Judge,
concurring in the judgment:
My friend Judge Traxler has crafted a fíne opinion for the en banc Court, and I write separately to concur in the judgment. I agree that “the defendants utterly failed to comply with the procedural requirements of Rule 11(c)(1)(A),” and I concur in the opinion’s reversal of the sanctions imposed on Brickwood. See ante p. 390. Nevertheless, I disagree with the conclusion that Brickwood forfeited the safe harbor compliance issue by not raising it in the district court. See ante p. 394-95. In my view, the issue of compliance with the safe harbor provision can never be *406 forfeited where a movant has disregarded it.
A court lacks authority to award Rule 11 sanctions (pursuant to motion) if the Rule’s safe harbor provision — a mandatory condition precedent to sanctions — has been breached. Rule 11(c) authorizes the imposition of sanctions “[i]f, after notice and a reasonable opportunity to respond, the court determines that [the standard governing representations to the court] has been violated.” Fed.R.Civ.P. 11(c). The court’s authority to impose an “appropriate sanction,” however, is specifically “subject to the conditions stated below,” including the safe harbor clause of Rule 11(c)(1)(A). Id. (emphasis added). The mandate of Rule 11(c)(1)(A) controls the initiation of a request for Rule 11 sanctions, and its plain, scriptural term “shall not” imposes a mandatory obligation on any movant: “A motion for sanctions under this rule ... shall not be filed with or presented to the court unless, within 21 days after service of the motion ..., the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.” Fed.R.Civ.P. 11(c)(1)(A) (emphasis added). The Advisory Committee on Rule 11 aptly described this provision as “a type of ‘safe harbor,’ ” stating:
[A] party will not be subject to sanctions on the basis of another party’s motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation.*
Fed.R.Civ.P. 11 advisory committee’s note.
As the majority properly recognizes, “[b]ecause the rule requires that the party submitting the challenged pleading be given an opportunity to withdraw the pleading, sanctions cannot be sought after summary judgment has been granted.” See ante p. 389 (citing Hunter v. Earthgrains Co. Bakery, 281 F.3d 144, 152 (4th Cir.2002)); see also Fed.R.Civ.P. 11 advisory committee’s nóte (“Given the ‘safe harbor’ provision[ ] ..., a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention).”). In this dispute, the Rule 11 motion was out of time. Contrary to the safe harbor clause, it was neither served nor filed until after summary judgment had been awarded. As I observed in connection with a similar dispute, the plain language of Rule 11 mandates that “a motion for sanctions cannot be properly filed or presented to the court — period—unless the movant has complied with the safe harbor provision.” See Rector v. Approved Fed. Sav. Bank, 265 F.3d 248, 256 (4th Cir.2001) (King, Circuit Judge, dissenting).
The issue addressed by the en banc Court — whether Rule 11 constitutes an “inflexible claim-processing rule” or a rule that implicates a court’s “jurisdiction” — is, in my humble opinion, an unnecessary inquiry. Pursuant to Rule 11(c) and the mandatory condition precedent stated therein, a court simply “has no initial authority to rule upon the merits of the motion,” and it may not “consider any collateral fact (such as waiver [or forfeiture] ) ostensibly bearing on the propriety of its filing, apart from ascertaining whether the safe harbor provision (or another of *407 Rule ll’s procedural requisites) has been ignored.” Id. In this case, as in Rector, the safe harbor clause was ignored, thus ending our inquiry and precluding sanctions.
Although the opinion for the en banc Court reaches the proper result, I am, pursuant to the foregoing, unable to agree with its analysis. That said, I concur in the judgment.

 Rule 11 was revised in 1993 to incorporate the safe harbor provision. Prior to this revision, "parties were sometimes reluctant to abandon a questionable contention lest that be viewed as evidence of a violation of Rule 11.” Fed. R.Civ.P. 11 advisoiy committee's note. However, "under the revision, the timely withdrawal of a contention ... protects] a party against a motion for sanctions.” Id. Accordingly, "[t]he revision ... places greater constraints on the imposition of sanctions,” seeking to "reduce the number of motions for sanctions presented to the court.” Id.